RECEIVED

JUN 2 2 2017

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RHONDA PARKS, )
)
    Plaintiff, )
)
vs. ) Case No. 2:17-CV-404
)
RIVER REGION DENTISTRY P.C. )
) JURY TRIAL REQUESTED
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Rhonda Parks, and files this complaint, averring the following:

### I. JURISDICTION

1.    Plaintiff Rhonda Parks files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331, as an action arising under 42 U.S.C. § 1981 to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's race discrimination against Plaintiff.

2.    Venue is proper in the Middle District of Alabama, since the alleged discriminating action of the Defendant occurred in Montgomery County, Alabama.

### II. PARTIES

3.    The named Plaintiff, Rhonda Parks (hereinafter "Plaintiff" or "Plaintiff Parks"), is a citizen of the United States and of Montgomery County, Alabama. She is over the age of nineteen years.

1

4.     The Defendant River Region Dentistry P.C. is a Domestic Professional Corporation doing business in Montgomery County, Alabama.

### III. STATEMENT OF FACTS

5.     Plaintiff Parks is a thirty-four year old female of African-American descent.

6.     Plaintiff Parks was hired by the Defendant in July 2007 as a Dental Assistant and Receptionist. At all times during her employment, Plaintiff performed her job in a satisfactory manner.

7.     During Plaintiff's nine years of employment for Defendant, she was the only African-American employee in the dental practice.

8.     On or about January 2016, Defendant hired a new Caucasian employee, namely Trisha Jordan, as the Schedule Planner/Receptionists. It was obvious from the day Ms. Jordan began employment that she did not like the Plaintiff, which Plaintiff believes was due to her African-American race. Ms. Jordan would routinely start arguments and make false accusations against the Plaintiff in an apparent attempt to get her fired. Libby Tyus, another Caucasian employee, would also routinely "team-up" with Ms. Jordan and start verbal altercations with the Plaintiff. Since the beginning of her employment, Ms. Jordan attempted to outcast Plaintiff, as well as attempt to influence other employees to treat Plaintiff adversely. Plaintiff strongly believes Ms. Jordan's and Ms. Tyus' motivation was based on racial animus.

9.     In early 2016, Dr. Bullard held a meeting with Plaintiff, Ms. Jordan, and Ms. Tyus and instructed them to get along, despite the fact that the verbal confrontations were all created and exercised by Ms. Jordan and Ms. Tyus.

10.    In September 2016, Ms. Jordan again verbally attacked Plaintiff Parks. On September 29, 2016, Dr. Bullard called Plaintiff into his office and told her she was not being a "team player" player. During this meeting, Plaintiff Parks told Dr. Bullard, as she had several

2

times in the past, that she was not being treated fairly and not being respected by Ms. Jordan and Ms. Tyus. One of the dental assistants told Plaintiff that Dr. Bullard asked Ms. Jordan to write a statement against Plaintiff on September 29, 2016. On the following day, September 30, 2016, Plaintiff Parks worked during the morning hours. During a second meeting that morning between Dr. Bullard, Plaintiff, Ms. Jordan, and Ms. Tyus, Ms. Jordan yelled at Dr. Bullard and said she would resign unless Dr. Bullard terminated Plaintiff immediately. After Ms. Jordan's demand, Dr. Bullard called Plaintiff into his office and told Plaintiff that she was being terminated effectively immediately.

11.     Despite the fact Ms. Jordan and Ms. Tyus were causing and engaging in disruptive behavior, which included even yelling at Dr. Bullard, Plaintiff was the only employee terminated. Plaintiff believes that but-for her African-American race, she would not have been treated differently than her similarly situated co-workers.

12.     The termination has caused Plaintiff Parks to wrongly lose her job, and to suffer significant lost wages, suffer severe emotional and mental anguish, as well as incur legal costs, in an attempt to vindicate her good name, reputation, and integrity, and assert her rights under 42 U.S.C. Section 1981.

### IV.     PLAINTIFF'S CAUSE OF ACTION
### RACE DISCRIMINATION (42 U.S.C. § 1981)

13.     Plaintiff repeats, re-alleges and incorporates all preceding paragraphs above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of 42 U.S.C. § 1981. More specifically, Plaintiff Parks' termination was the result of being treated differently than similarly situated Caucasian employees due to her African-American race.

14.     As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff Parks, due to her race, Plaintiff was injured and damaged, as set forth in the preceding paragraphs above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Parks respectfully prays that this Court will grant her the following relief:

a)  Judgment declaring that the Defendant has discriminated against Plaintiff Parks, due to her race;

b)  An award of damages, including past and future lost wages, and for mental anguish, to which Plaintiff Parks is entitled;

c)  An award of punitive damages, due to the egregious nature of the discrimination practiced against plaintiff, which was so openly tolerated, ratified and acquiesced in by the Defendant;

d)  An award of reasonable attorneys' fees, including those incurred for seeking administrative relief; and

e)  Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 22nd day of June, 2017.

/s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr.
Christopher Worshek

**OF COUNSEL:**
**McPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911   (334) 263-2321   FAX
julianmcphillips@msg-lawfirm.com

4

## JURY REQUEST

A jury trial is requested on all issues so triable.

_____
Julian L. McPhillips, Jr.
Christopher Worshek